UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES HART, )
)
)
Plaintiff, )
)
) Civil Action No. 13-1185-JTM-DJW
v. )
)
SANDRIDGE ENERGY, INC., )
SANDRIDGE OPERATING COMPANY, )
SANDRIDGE EXPLORATION AND )
PRODUCTION, LLC, SANDRIDGE )
MIDSTREAM, INC., AND LARIAT )
SERVICES, INC.; )
)
)
Defendants. )
)

## COMPLAINT

Plaintiff, for his causes of action against Defendants, alleges and states as follows:

### PARTIES

1. James Hart ("Plaintiff") is an individual residing in Comanche County, Kansas.

2. Defendant SandRidge Energy, Inc. is a Delaware corporation with its headquarters located at 123 Robert S. Kerr Avenue, Oklahoma City, OK 73102-6406. SandRidge Energy, Inc. may be served through its registered agent, The Corporation Company, located at 1833 S. Morgan Road, Oklahoma City, Oklahoma 73128.

3. Defendant SandRidge Operating Company is a Texas corporation with its headquarters located at 123 Robert S. Kerr Avenue, Oklahoma City, OK 73102-6406. SandRidge Operating Company may be served through its registered agent, The Corporation Company, located at 1833 S. Morgan Road, Oklahoma City, Oklahoma 73128.

4. Defendant SandRidge Exploration and Production, LLC is a Delaware limited liability company with its headquarters located at 123 Robert S. Kerr Avenue, Oklahoma City, OK 73102-6406. SandRidge Exploration and Production, LLC may be served through its resident agent, The Corporation Company, Inc., located at 112 SW 7th Street, Suite C, Topeka, Kansas 66603.

5. Defendant SandRidge Midstream, Inc. is a Texas corporation with its headquarters located at 123 Robert S. Kerr Avenue, Oklahoma City, OK 73102-6406. SandRidge Midstream, Inc. may be served through its resident agent, The Corporation Company, Inc., located at 112 SW 7th Street, Suite C, Topeka, Kansas 66603.

6. Lariat Services, Inc. is a Texas corporation and a wholly-owned subsidiary of SandRidge Energy, Inc. Lariat Services, Inc. may be served through its registered agent, The Corporation Company, located at 1833 S. Morgan Road, Oklahoma City, Oklahoma 73128.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

8. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## FACTS

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. Defendants engage in the exploration, development, and production of oil and gas properties in the United States, primarily in the Mississippian Oil Play of northern Oklahoma and southern Kansas, as well as western Texas, the Gulf Coast and the Gulf of Mexico.

12. Upon information and belief, because of their interrelation of operations, common management, centralized control of labor relations, common ownership, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single employer for purposes of the instant action.

13. Defendants employed Plaintiff as an oil field worker in Kansas and Oklahoma during the three (3) year period before the filing of this Complaint. Plaintiff worked as a driller, derrick hand, motor hand, and floor hand. At all times during his employment, Plaintiff was a non-exempt, hourly paid employee who performed manual labor as his primary job duty.

14. During Plaintiff's employment, Defendants maintained bonus programs for hourly oil field employees, including Plaintiff.

15. Defendants failed to include payments to Plaintiff pursuant to these bonus programs as part of his regular rate of pay in order to determine the proper overtime rate of pay.

16. Defendants also instructed, required, and/or knowingly permitted Plaintiff to perform work for Defendants' benefit "off-the-clock," (i.e., without compensation).

17. Defendants required Plaintiff to report to work at a location where personal safety equipment was stored ("Reporting Location").

18. At the Reporting Location, Plaintiff was required to "gear up" with the personal protective equipment, including a hard hat, coveralls, boots, gloves, etc. ("PPE").

19. Defendants and/or OSHA mandated and mandate that the PPE be "donned" (i.e.,

put on).

20. Plaintiff was not compensated for the time he spent donning the PPE at the Reporting Location.

21. After donning his safety gear, Plaintiff was required to attend daily safety meetings that began thirty (30) minutes before the beginning of his scheduled work shift. Plaintiff was likewise not compensated for attendance at the mandatory, daily meetings.

22. After the end of his work shift, Plaintiff was required to "doff" (i.e., take off) the PPE at the Reporting Location. Defendants did not compensate Plaintiff for time spent doffing after the end of his scheduled shift. The uncompensated work time consists of time worked in excess of 40 hours per workweek.

23. Defendants are jointly and severally liable for the unlawful actions alleged herein of their owners, officers, managers, employees, agents, representatives, subsidiaries, predecessors, successors, and/or other persons and/or entities for whom they are legally responsible.

## CAUSES OF ACTION

### COUNT I.A: FAIR LABOR STANDARDS ACT— FAILURE TO PROPERLY CALCULATE OVERTIME RATE

24. Plaintiff incorporates by reference the prior paragraphs of this Complaint.

25. Defendants are engaged in commerce and are employers covered by and subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

26. Plaintiff is subject to the minimum wage and overtime provisions of the FLSA.

27. The FLSA requires Defendants to provide overtime pay to Plaintiff, at a rate not less than one and one-half times the regular rate at which plaintiff is employed, for all time worked in excess of 40 hours in a workweek.

28. The FLSA requires defendants to include in the regular rate all payments made to plaintiff pursuant to Defendants' bonus plans.

29. Defendants failed to include incentive bonus payments to Plaintiff in his regular rate of pay. As a result, Defendants failed to properly calculate the overtime rate of pay to Plaintiff for time worked in excess of 40 hours in a workweek.

30. Defendants' failure to include the bonus payments to Plaintiff in the regular rate was willful.

31. Defendants' failure to properly calculate the regular rate on which overtime is paid, which resulted in Defendants failing to pay all overtime compensation due to Plaintiff, violated the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and renders Defendants jointly and severally liable to Plaintiff, for unpaid overtime, liquidated damages, interest, expenses, attorneys' fees, and costs.

### COUNT I.B: FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME ON ALL HOURS WORKED

32. Plaintiff incorporates by reference the prior paragraphs of this Complaint.

33. Plaintiff worked more than 40 hours in each of various workweeks, but was not compensated with overtime pay at a rate of not less than one and one-half times his regular rate for all time worked in excess of 40 hours in a workweek.

34. Defendants knew or should have known the actual hours Plaintiff worked each week, but failed to properly pay Plaintiff for all hours worked.

35. Defendants knew or should have known that Plaintiff was entitled to compensation for all time worked, and to overtime compensation for all time worked in excess of 40 hours in a workweek at the rate of one and one-half times his regular rate.

36. Defendants willfully refused to provide Plaintiff with compensation for all time

worked, and with additional compensation for the overtime hours he worked.

37. Defendants' failure to pay all compensation due, including overtime compensation for time worked in excess of 40 hours in a workweek, violates the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and renders Defendants jointly and severally liable to Plaintiff, for unpaid overtime, liquidated damages, interest, expenses, attorneys' fees, and costs.

### COUNT II: KANSAS WAGE PAYMENT ACT

38. Plaintiff incorporates by reference the prior paragraphs of this Complaint.

39. Defendants are employers covered by and subject to the Kansas Wage Payment Act, K.S.A. § 44-313 *et seq.*

40. Plaintiff is entitled to payment of wages for all time worked, in accordance with the Kansas Wage Payment Act, K.S.A. § 44-313 *et seq.*

41. Plaintiff was not paid earned wages at the agreed rate for all work performed for Defendants.

42. Defendants' failure to pay all wages due to plaintiff was willful.

43. Defendants' failure to pay all wages due to Plaintiff, violates the provisions of the Kansas Wage Payment Act, K.S.A. § 44-313 *et seq.*, and renders defendants jointly and severally liable to Plaintiff for unpaid wages, penalties, interest, expenses, attorneys' fees, and costs.

### COUNT III: BREACH OF CONTRACT

44. Plaintiff incorporates by reference the prior paragraphs of this Complaint.

45. Defendants entered into an employment agreement with Plaintiff, through which Defendants agreed to pay Plaintiff specified wages for all time worked for defendants, as well as an overtime premium in accordance with applicable law.

46. The employment agreement was supported by consideration.

47. Plaintiff performed work for defendants in compliance with the agreement.

48. Defendants breached the agreement by not paying Plaintiff at the agreed upon rate for all the time Plaintiff worked for defendants, and by not paying Plaintiff overtime in accordance with applicable law.

49. Defendants' breaches caused damages to Plaintiff.

50. Defendants' breach of contract renders defendants jointly and severally liable to Plaintiff for all contractual damages.

## COUNT IV: FRAUD

51. Plaintiff incorporates by reference the prior paragraphs of this Complaint.

52. Defendants made false representations to Plaintiff that he would be paid a specified hourly wage, as well as an overtime premium, for all time worked for Defendants.

53. Defendants' representations were knowingly false, or recklessly made, because Defendants never intended to pay Plaintiffs, for time worked before his scheduled start time, and because Defendants never intended to pay Plaintiff overtime at a rate of one and one-half times the base rate.

54. Defendants' representations were intentionally made for the purpose of inducing Plaintiff to act upon them.

55. Plaintiff reasonably relied and acted upon Defendants' representations.

56. Plaintiff sustained damages by relying upon the statements.

57. Defendants' fraud renders Defendants jointly and severally liable to Plaintiff for all actual damages, compensatory damages, and punitive damages.

## PRAYER FOR RELIEF

Plaintiff requests relief and prays for judgment against Defendants, jointly and severally, in an amount in excess of $75,000, for the following:

    A.    Unpaid wages;

    B.    Unpaid overtime;

    C.    Liquidated damages in an amount equal to the unpaid wages and overtime;

    D.    Statutory penalties;

    E.    Economic damages;

    F.    Compensatory damages;

    G.    Punitive damages;

    H.    All costs, expenses, and attorneys' fees;

    I.    Pre-judgment interest, calculated at the maximum rate allowed by law;

    J.    Post-judgment interest at the legal rate from the date of the judgment until paid in full; and

    K.    Such other and further relief as the Court may deem just and appropriate.

Plaintiff reserves the right to amend his demand for judgment as new information is discovered during the course of this case.

Respectfully submitted,

By:    \s\Timothy M. Starosta
Timothy M. Starosta, Kansas Bar #24040
**THE STAROSTA LAW FIRM, LLC**
11 East Kansas
Liberty, Missouri 64068
(816) 806-3446
Fax (816) 781-6843
Timothy@starostalaw.com
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, pursuant to Fed. R. Civ. P. 38(b), requests a jury trial on all issues in the above-captioned matter.

\s\Timothy M. Starosta
Timothy M. Starosta, Kansas Bar #24040

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Wichita, Kansas as the place of trial of this matter.

\s\Timothy M. Starosta
Timothy M. Starosta, Kansas Bar #24040