IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES HART, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) CIVIL ACTION |
| | ) CASE NO. 13-1185-JTM-DJW |
| v. | ) |
| | ) |
| SANDRIDGE ENERGY, INC., SANDRIDGE OPERATING COMPANY, SANDRIDGE EXPLORATION AND PRODUCTION, LLC, SANDRIDGE MIDSTREAM, INC., AND LARIAT SERVICES, INC.; | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION AND FOR JUDICIAL NOTICE TO CLASS

COME NOW the Plaintiffs, individually and on behalf of all others similarly situated, by and through their undersigned counsel of record, and hereby move for the entry of an Order for conditional collective action certification and for judicial notice with regard to their claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. In support thereof, Plaintiffs state as follows:

## BACKGROUND AND FACTS

Defendants Sandridge Energy, Inc., Sandridge Operating Company, Sandridge Exploration and Production, LLC, Sandridge Midstream, Inc., and Lariat Services, Inc., hereinafter collectively referred to as, "Defendants," engage in the exploration, development, and production of oil and gas properties in the United States, primarily in the Mississippian Oil Play of northern Oklahoma and southern Kansas, as well as western Texas, the Gulf Coast and the

1

Gulf of Mexico. (*See*, Exhibit A, First Amended Complaint (Doc. No. 8), at ¶ 47). Upon information and belief, because of their interrelation of operations, common management, centralized control of labor relations, common ownership, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single employer for purposes of the instant action. (*Id*. at ¶ 48). Defendants employed hourly, non-exempt[1] oil field workers in Kansas, Oklahoma and Texas during the three (3) year period before the filing of this Complaint. (*Id*. at ¶ 49). Plaintiffs worked in various capacities, including driller, derrick hand, motor hand, and floor hand. At all times during their respective employments, Plaintiffs were non-exempt employees who performed manual labor-related tasks as their primary job duties. (*Id*. at ¶ 49). Plaintiffs were all employed by Defendants during the three (3) year period before or during the filing of this Complaint. (*Id*. at ¶ 2; Exhibit B, Declaration of Norman Brown, ¶ 1; Declaration of Johnny Garrison, ¶ 1; Declaration of Daniel Kochin, ¶ 1; Declaration of Raymond Head, ¶ 1; Declaration of James Hart, ¶ 1; Declaration of Ronald Ross, ¶ 1; Declaration of Michael Walters, ¶ 1; Declaration of Aaron Butler, ¶ 1)[2]. Plaintiffs allege that Defendants violated the FLSA based on three (3) uniform company wide practices of Defendants.

UNIFORM PRACTICE NUMBER ONE:

Plaintiffs and other similarly situated employees received non-discretionary bonuses that were not included in the calculation of the overtime rate. (*See*, Exhibit A, at ¶¶ 2, 22, 50, 51, 72

---

[1] 29 U.S.C. § 213 exempts employers from complying with the minimum wage and maximum hour requirements with regard to certain employees. However, none of the Plaintiffs in the instant matter - nor any of the employees in the purported class - fall under any of the exemptions set forth in the statute, and are therefore considered "non-exempt" employees entitled to overtime compensation at one and one-half times their respective regular hourly rate.

[2] Hereinafter, when Plaintiffs cite to Exhibit B, "Declarations," it will encompass all eight (8) declarations.

(a), 78-87; *See*, Exhibit B, Declarations, ¶¶ 8, 11). The FLSA requires Defendants to include in the regular rate all payments made to Plaintiffs and Class Members pursuant to Defendants' bonus plans. 29 U.S.C. § 207(e). Defendants failed to include incentive bonus payments to Plaintiffs and Class Members in their regular rates of pay. (*See*, Exhibit A, at ¶¶ 50, 51) As a result, Defendants failed to properly calculate the overtime rate of pay to Plaintiffs and Class Members for time worked in excess of 40 hours in a workweek. *(Id.)*. These bonuses were not discretionary. *(Id.)*. These bonuses were meant to encourage and motivate Plaintiffs and Class Members to work harder and to reward them for their hard work. *(Id.)*. The bonuses were based upon a pre-determined formula. *(Id.)*. Specifically, Defendants at the outset established standards that were required to receive the bonuses based on meeting specific criteria. *(Id.)*. When Plaintiffs and Class Members met the criteria, they were entitled to receive the bonuses. Plaintiffs and Class Members enjoyed a contractual right to receive these bonuses. Plaintiffs and Class Members had an expectation to receive the bonuses if they met the criteria. *(Id.)*. Defendants' failure to include the bonus payments to Plaintiffs in the regular rate was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA. (*See*, Exhibit. B. Declarations, ¶¶ 8, 11). Defendants' failure to properly calculate the regular rate on which overtime is paid resulted in Defendants failing to pay all overtime compensation due to Plaintiffs and Class Members, in direct violation of the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*[3] Defendants' failure to include incentive bonus payments to Plaintiffs and Class Members in their regular rates of pay was a company wide policy. *See*, Exhibit. B. Declarations, ¶¶ 8, 11; Plaintiffs and proposed class members employed at Defendants' facilities in Coldwater, Kansas, Ness City, KS, Minneola, KS, Ingalls, KS, Dodge

---

[3] Plaintiffs also assert claims under Kansas law arising out of the same common nucleus of operative facts, but those claims are not the subject of this Motion.

City, KS, Anthony, KS, Medford, OK, Manchester, OK, Cherokee, OK, Alva, OK, Byron, OK, Pond Creek, OK, Henderson, TX, Stockton, TX, and Odessa, Texas, were all subjected to this company wide uniform policy. (*See* Exhibit B; Exhibit C, Pay stubs of Johnny Garrison, Aaron Butler, Michael Walters, Ronald Ross and James Hart).

UNIFORM PRACTICE NUMBER TWO:

Plaintiffs and all other similarly situated employees were required to attend "off the clock" mandatory safety meetings that began thirty (30) minutes before the beginning of the scheduled work shift, for which they received no compensation for their attendance. (*See*, Exhibit A, at ¶ 57; Exhibit B, Declarations, ¶¶ 5, 7, 9). The uncompensated work time consists of time worked in excess of forty (40) hours per workweek. This policy was company wide and Plaintiffs and other similarly situated employees were subjected to disciplinary action if they were tardy or failed to attend said "off the clock" training meetings. Plaintiffs employed at Defendants facilities in Coldwater, KS, Ness City, KS, Minneola, KS, Ingalls, KS, Dodge City, KS, Anthony, KS, Medford, OK, Manchester, OK, Cherokee, OK, Alva, OK, Byron, OK, Pond Creek, OK, Henderson, TX, Stockton, TX, and Odessa, Texas, were all subjected to this company wide uniform policy. (*See* Exhibit B, Declarations).

UNIFORM PRACTICE NUMBER THREE:

Plaintiffs and others similarly situated employees were required to "don" and "doff" personal protective equipment at Defendants' job site while "off the clock." (*See*, Exhibit A, at ¶ 72; Exhibit B, Declarations, ¶¶ 5-7, 10). Defendants required Plaintiffs to report to work at a location where personal safety equipment was stored. ("Reporting Location")(*See,* Exhibit A, ¶ 53.). At the "Reporting Location", Plaintiffs were required to "gear up" with the personal protective equipment including a hard hat, coveralls, boots, gloves, etc. ("PPE")(*Id*. at ¶ 54.).

Defendants and/or OSHA mandated and mandate that the PPE be "donned" (i.e., put on)(*Id.* at ¶ 55.). Plaintiffs, and others similarly situated employees, did not receive compensation for the time spent donning and doffing the PPE at the reporting location. (*Id.* at ¶ 56; Exhibit B, Declarations, ¶¶ 5-7, 10). Plaintiffs employed at Defendants facilities in Coldwater, Kansas, Ness City, KS, Minneola, KS, Ingalls, KS, Dodge City, KS, Anthony, KS, Medford, OK, Manchester, OK, Cherokee, OK, Alva, OK, Byron, OK, Pond Creek, OK, Henderson, TX, Stockton, TX, and Odessa, Texas, were all subjected to this company wide uniform policy. (*See* Exhibit B, Declarations).

The asserted subclasses include all of Defendants' current and former non-exempt hourly oil field working employees (including driller, derrick hand, motor hand, and floor hand) in Kansas, Oklahoma and Texas, who worked at any time during the three (3) years before the filing of this Complaint to the present who A. Received incentive bonuses that were not included in the calculation of the overtime rate; B. Were required to attend mandatory "off the clock" safety training meetings at the start of their scheduled work day without receiving compensation for attendance; and C. Were required to "don" and "doff" personal protective equipment at Defendants' job site while "off the clock," receiving no compensation.

Plaintiffs seek an Order granting conditional certification of a collective action pursuant to 29 U.S.C. § 206(b). Additionally, Plaintiffs seek an Order requiring Defendants to provide Plaintiffs' counsel with the names and last known physical addresses of all individuals in the class within ten days of this Court's Order. Finally, Plaintiffs respectfully request that the Court approve supervised notice of this lawsuit to all putative members of the class who have not yet joined the action.

## **LEGAL STANDARDS**

29 U.S.C. § 216(b) establishes penalties for violations of the FLSA and the procedures for aggrieved employees pursuing remedies for such violations as follows:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees **for and on behalf of himself or themselves and other employees similarly situated**. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*See* 29 U.S.C. § 216(b) (emphasis added).

Under 29 U.S.C. § 216(b), Plaintiffs seek conditional certification of a collective action for purposes of providing notice to putative class members. This provision provides the exclusive procedural mechanism for class certification in actions under the FLSA. *Brown v. Money Tree Mortgage, Inc.,* 222 F.R.D. 676, 679 (D.Kan. 2004). Though the FLSA does not define the phrase "similarly situated," the Tenth Circuit has approved an *ad hoc* approach by which the court determines on a case-by-case basis whether the members of the putative class are similarly situated. *See Thiessen v. Gen. Elec. Capital Corp.,* 267 F.3d 1095, 1105 (10th Cir.2001). Under this approach, the court engages in a two-step process.

> First, the court makes an initial "notice stage" determination whether plaintiffs are "similarly situated" which requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan. *Id.* at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.,* 175 F.R.D. 672, 678 (D.Colo.1997)). By this determination, the court decides whether a collective action should be certified for purposes of sending notice of the action to potential class members. *Brown,* 222 F.R.D. at 679. **This initial step creates a lenient standard which typically results in conditional certification of a representative class.** *Gieseke v. First Horizon*

> *Home Loan Corp.,* 408 F.Supp.2d 1164, 1166 (D.Kan.2006) (emphasis supplied) (citing *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1214 (5th Cir.1995)).
>
> Under the second step initiated at the close of discovery, the court utilizes a stricter standard of "similarly situated" which requires evaluation of several factors, including: (1) disparate factual and employment settings of individual plaintiffs; (2) the various defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *Thiessen,* 267 F.3d at 1102-03.

It is not appropriate at the conditional certification stage for a court to evaluate the merits of a claim. *McCaffrey v. Mortgage Sources Corp.*, 2009 WL 2778085, *4 (D. Kan. 2009). The Court in *Gipson v. Southwestern Bell Telephone Co.*, 2009 WL 1044941, *3 (D.Kan. 2009) elaborated as follows:

> At the notice stage of certification, we need only consider the substantial allegations of the complaint and any supporting affidavits or declarations. Defendant's arguments directed at the merits of Plaintiff's claim . . . are more appropriate to be considered at the second stage of the ad-hoc analysis upon completion of discovery.

The question now before this court, therefore, is whether Plaintiffs can make a modest threshold showing that the Plaintiffs and the proposed class members are similarly situated such that notice is appropriate. Plaintiffs submit that they are.

## ARGUMENT

Based on the plain language of 29 U.S.C. § 216(b) and precedent from the District of Kansas and other District Courts, there can be no question that Plaintiffs have met the applicable standard at this early stage in the proceedings with regard to themselves and other employees similarly situated by pleading their allegations with specificity and by presenting declarations from current and/or former employees aggrieved by Defendants' uniform policies in violation of the FLSA. Plaintiffs provided the Court with Declarations demonstrating that each were employees of Defendants during the three-year period prior to the filing of the original

Complaint. Ex. B, ¶ 1. Plaintiffs/Declarants have shown that they work/worked for a number of Defendants' facilities across Kansas, Oklahoma and Texas; are/were employed as manual labor workers and earn/ed hourly wages from Defendants; and that they have all been aggrieved in similar fashion by the three practices described above at each facility. *Id*. These practices have been identified as, receipt of incentive bonuses that were not included in the calculation of the overtime rate; the requirement to attend mandatory "off the clock" safety training meetings at the start of their scheduled work day without receiving compensation for attendance; and the requirement to "don" and "doff" personal protective equipment at Defendants' job site while "off the clock," receiving no compensation. As such, these Plaintiffs/Declarants have alleged violations of the FLSA with the specificity required for conditional certification.

Courts have granted conditional certification in numerous cases based on far less documentation than Plaintiffs in the instant matter have presented. *See, e.g., McCaffrey*, 2009 WL 2778085 (ordering conditional certification based on just two declarations attached to Motion). "Even a single affidavit or consent to join submitted by another individual stating that they are similarly situated and wish to join the suit is enough to bring the Plaintiff's contentions above pure speculation." *Guerra v. Big Johnson Concrete Plumbing*, 2006 WL 2290512 (S.D. Fla., 2006); see also *Courtright v. Bd. of County Comm'rs of Payne County, Okla.,* 2009 WL 1076778 (W.D. Okla., 2009) (ordering conditional certification based on single plaintiff's declaration); *Wood v. Sundance Professional Services*, 2009 WL 484446 (W.D. Okla. 2009) (ordering conditional certification based on affidavits from two plaintiffs).

Plaintiffs in this case have supported their Motion with the declarations of eight oil field workers, all of whom were subjected to all three of the identified employment practices in violation of the FLSA. Specifically, receiving incentive bonuses that were not included in the

8

calculation of the overtime rate; the requirement to attend daily mandatory "off the clock" safety training meetings at the start of their scheduled work day without receiving compensation for attendance; and the requirement to "don" and "doff" personal protective equipment at Defendants' job site while "off the clock," receiving no compensation. These employees worked in fifteen locations across three states. All of the employees who submitted Declarations worked for Defendants during the relevant time period. Clearly, the substantial documentation provided by Plaintiffs is more than required and easily sufficient to justify an Order from this Court granting conditional certification for the identified subclasses.

The sub classes proposed by Plaintiffs include all of Defendants' current and former non-exempt hourly oil field working employees (including driller, derrick hand, motor hand, and floor hand) in Kansas, Oklahoma and Texas, who worked at any time during the three (3) years before the filing of this Complaint to the present who A. Received incentive bonuses that were not included in the calculation of the overtime rate; B. Were required daily to attend mandatory "off the clock" safety training meetings at the start of their scheduled work day without receiving compensation for attendance; C. Were required to "don" and "doff" personal protective equipment at Defendants' job site while "off the clock," receiving no compensation. These subclasses are appropriate because they are narrowly tailored to include only those employees who can truly be said to be "similarly situated" to Plaintiffs, founded on a precise set of circumstances and factual bases.

To be considered "similarly situated" for purposes of conditional certification under 29 U.S.C. § 216(b), the employees need not be identical. *McLaurin v. Pretage Foods*, 271 F.R.D. 465, 469 (E.D.N.C., 2010). As the *McLaurin* Court explained:

> Putative class members are "similarly situated" for the purposes

9

> of § 216(b) if they "'raise a similar legal issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions....'" *De Luna–Guerrero,* 338 F.Supp.2d at 654 (quoting Ellen C. Kearns, *The Fair Labor Standards Act* § 18.IV.D.3 (1999)). However, "'their situations need not be identical. Differences as to time actually worked, wages actually due and hours involved are, of course, not significant to this determination.'" *Id.*

*Id.* at 469. The Court in *Moss*, 201 F.R.D. at 410 further explained:

> Also, variations in the plaintiffs' duties, job locations and hourly billing rates do not differentiate the collective basis of the class to the extent that it defeats the primary objectives of a § 216(b) action.

Nor is it relevant that not every proposed class member in the instant matter is likely to have precisely the same amount of damages. As the Court in *Reab v. Elec. Arts, Inc.,* 214 F.R.D. 623, 628 (D. Colo. 2002) stated, "'[i]t is well established that individual questions with respect to damages will not defeat class certification . . . unless that issue creates a conflict which goes to the heart of the lawsuit.'" *Id.* (quoting *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81 (S.D.N.Y., 2001).

In the instant matter, only minor, inconsequential differences are likely to exist among the members of each of the proposed subclasses. Furthermore, the issue of the amount of damages suffered by each member of the proposed subclass will create no conflict among class members because the primary question is *whether* the employees are entitled to recover damages. Determination of the *amount* of damages for each plaintiff is a secondary question. Assuming the first question is answered in the affirmative, answering the second question is simply a matter of accounting.

Based on a plain reading of 29 U.S.C. § 216(b) and the case law applying same, it is clear that Plaintiffs in the instant matter have fulfilled their minimal statutory burden at this stage

and that they are entitled to the conditional certification of the subclasses they have proposed. The subclasses should be designated as follows: All of Defendants' current and former non-exempt oil field employees (including driller, derrick hand, motor hand, and floor hand) in Kansas, Oklahoma and Texas, who worked at any time during the three (3) years before the filing of this Complaint to the present who A. Received incentive bonuses that were not included in the calculation of the overtime rate; B. Were required daily to attend mandatory "off the clock" safety training meetings at the start of their scheduled work day without receiving compensation for attendance; C. Were required to "don" and "doff" personal protective equipment at Defendants' job site while "off the clock," receiving no compensation.

## NOTICE TO PUTATIVE CLASS

The FLSA emphasizes that potential class members are entitled to receive "accurate and timely notice concerning the pendency of the collective action...." *Hoffmann–La Roche,* 493 U.S. at 170, 110 S.Ct. 482. *Reab,* 214 F.R.D. at 630 (See, Fair Labor Standards Act of 1938, § 1 et seq., 29 U.S.C.A. § 201 et seq.)(*Littlefield v. Dealer Warranty Services*, LLC, 679 F. Supp. 2d 1014 (E.D. Mo. 2010)(The FLSA requires that notice to potential plaintiffs be accurate and timely, giving potential plaintiffs the chance to make informed decisions about whether to participate.). Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter plaintiff's proposed notice unless such alteration is necessary. *Lewis v. ASAP Land Exp., Inc.,* No. 07–CV–2226–KHV, 2008 WL 2152049, *2 (D.Kan. May 21, 2008). See also, *McCaffrey*, 2009 WL 2778085 at *5 (citing *Gipson v. Sw. Bell Tel. Co.,* 2009 WL 1044941, at *4 (D.Kan., 2009))("Court should refrain from altering a plaintiffs' proposed notice unless doing so is necessary.").

The notice to putative class members should be sent to all of Defendants' current and former non-exempt oil field employees (including driller, derrick hand, motor hand, and floor hand) in Kansas, Oklahoma and Texas, who worked at any time during the three (3) years before the filing of this Motion to the present who: A. Received incentive bonuses that were not included in the calculation of the overtime rate; B. Were required daily to attend "off the clock" safety training meetings at the start of their scheduled work day without receiving compensation for attendance; C. Were required to "don" and "doff" personal protective equipment at Defendants' job site while "off the clock," receiving no compensation.

Finally, Plaintiffs request that they be allowed to send the notice via first-class mail and by e-mail, and that Defendant be required to provide Plaintiffs' counsel with the names and last known physical addresses and emails of all individuals in the class as defined above within ten (10) days of the date of the order granting conditional certification of the class. *See, Reab*, 214 F.R.D. at 631. Counsel for Plaintiffs also requests they be permitted to publish the notice on its website, www.ssrok.com. Plaintiff's further request that the Court allow class members to opt-in through electronic signature on the www.ssrok.com website.

## **CONCLUSION**

Plaintiffs have satisfied the lenient standard for conditional certification applicable to 29 U.S.C. § 216(b) by showing that there are other, similarly situated employees who should be invited to join this action. Collective action treatment is both fair and manageable. Accordingly, Plaintiffs respectfully request that this Court conditionally certify the identified subclasses, that the Defendants be ordered to provide Plaintiffs counsel with the names, addresses, phone numbers and social security numbers of the potential putative class members within ten (10) days; and, approve Plaintiffs' Proposed Notice to Potential Class Members. A

proposed order is filed contemporaneously with the instant Motion for the Court's convenience.

Respectfully submitted,

By: \s\Timothy M. Starosta
Timothy M. Starosta, Kansas Bar #24040
**THE STAROSTA LAW FIRM, LLC**
11 East Kansas
Liberty, Missouri 64068
(816) 806-3446
Fax (816) 781-6843
Timothy@starostalaw.com
Attorney for Plaintiffs

and

Donald E. Smolen, II,  OBA #19944
David A. Warta,        OBA #20361
Daniel Roytman,        OBA #31209
**SMOLEN, SMOLEN & ROYTMAN, PLLC**
701 S. Cincinnati Ave.
Tulsa, OK 74119
(918) 585-2667
Fax (918) 585-2669
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October, 2013, I electronically transmitted the foregoing document to the Clerk of Court using ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

\s\Daniel Roytman