IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES HART, *et al.*,

        Plaintiffs,

                                          CIVIL ACTION
v.                                     Case No. 13-1185-JTM

SANDRIDGE ENERGY, INC.;
SANDRIDGE OPERATING COMPANY;
SANDRIDGE EXPLORATION AND
PRODUCTION, LLC; SANDRIDGE
MIDSTREAM, INC.; and LARIAT
SERVICES, INC.,

        Defendants.

MEMORANDUM AND ORDER

This is a Fair Labor Standards Act (FLSA) action, brought on behalf of a prospective class of oil field workers, against their employers. Although a number of motions are now pending before the court, the central issue is whether the action is most appropriately brought in Kansas. Because Kansas has little connection to the underlying issues involved, and will clearly constitute a less convenient forum than Oklahoma, the court hereby grants the defendants' Motion to Transfer (Dkt. 40) the action to the United States District Court for the Western District of Oklahoma.

The factual background of the case is undisputed. Sixteen current and former employees ("Plaintiffs") bring this collective and class action against five separate defendants: SandRidge Energy, Inc., SandRidge Operating Company, SandRidge

Exploration and Production, LLC, SandRidge Midstream, Inc., and Lariat Services, Inc. (collectively "Defendants"). Plaintiffs work or have worked for Defendants in numerous positions on the oil fields of Kansas, Oklahoma, and Texas. Two Plaintiffs reside in Kansas, seven reside in Oklahoma, three reside in Texas, two reside in Arkansas, and one resides in Missouri. As part of Plaintiffs' employment, the decisions regarding the matters now at issue were made in Oklahoma, and many of the Plaintiffs attended work-related events in Oklahoma. Each Defendant has its principal place of business in Oklahoma City, Oklahoma. Defendants are involved in oil and gas exploration, which generally takes place in Oklahoma, Kansas, and other nearby states.

Plaintiffs' Amended Complaint alleges that: (1) Defendants failed to properly pay overtime to Plaintiffs in violation of the Fair Labor Standards Act; (2) Plaintiffs who performed work for Defendants in Kansas were denied earned wages at the agreed rate for all work performed in violation of the Kansas Wage Payment Act; (3) Defendants breached employment agreements with each Plaintiff; and (4) Defendants engaged in fraud by not paying overtime to Plaintiffs. On October 11, 2013, Defendants filed the Motion to Transfer that is now at issue.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Where an action might have been brought" includes only those districts where the plaintiff "had a right to bring the suit originally." *Morris by Rector v. Peterson*, 759 F.2d 809, 812 (10th Cir. 1985). Section 1404(a) "is intended to place

2

discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

In deciding a motion to transfer in the Tenth Circuit, the court is to weigh the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). "[U]nless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). "However, when a plaintiff is a class representative, that weight is diminished and factors other than plaintiff's choice must necessarily take on increased significance." *Schecher v. Purdue Pharma L.P.*, 317 F. Supp. 2d 1253, 1263 (D. Kan. 2004) (citing *Shapiro v. Merrill Lynch & Co.*, 634 F. Supp. 587, 589 (S.D. Ohio 1986)). The party seeking transfer must prove the transfer is appropriate, and the balance of considerations tilts strongly in favor of transfer. *Scheidt*, 956 F.2d at 965.

As a preliminary matter, the proposed transferee district, the Western District of Oklahoma, must be a district or division where the action might have originally been brought in order to transfer this action there. *See* § 1404(a). Defendants allege the action

3

could have originally been brought in the Western District of Oklahoma based on a wide array of contacts that each party has with the district. Plaintiffs do not dispute this allegation. Based on a review of the facts, this Court finds that the action might have originally been brought in the Western District of Oklahoma.

Turning to the merits of the motion to transfer, the Plaintiffs of course chose to litigate this case in Kansas for a reason. Two of the named Plaintiffs do reside in Kansas, the Defendants conduct substantial operations in Kansas, and five of the Plaintiffs worked for Defendants in Kansas. Further, Plaintiffs allege the transitory nature of oil field labor has brought Plaintiffs to areas located near Wichita, Kansas. Ordinarily, a plaintiff's choice of forum should not be disturbed unless the balance of the remaining factors is strongly in favor of transfer. *See Scheidt*, 956 F.2d at 965.

However, "[t]he convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010). And this factor strongly supports trial in Oklahoma. To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary. *Id*.

Defendants have submitted evidence of the anticipated witnesses. All of the witnesses reside in the Western District of Oklahoma. Defendants have identified the quality and materiality of each witness's testimony. Also, Defendants have shown that

4

it will require a subpoena to get one of its anticipated witnesses to testify, and such witness resides outside the subpoena power of this court.

Further, the Western District of Oklahoma is closer than the District of Kansas for ten of the sixteen Plaintiffs. Eight of the sixteen Plaintiffs would have to travel over 300 miles to get to Wichita, Kansas. Conversely, only four of the sixteen Plaintiffs would have to travel over 300 miles to get to Oklahoma City, Oklahoma.

Documents and records regarding the employment relationship between the parties will be imperative in determining the outcome of this case. Nearly all of these documents are located in the Western District of Oklahoma. This factor weighs strongly in favor of transfer.

Defendants persuasively argue it will be more cost efficient for nearly all the parties involved in this matter if it is transferred to the Western District of Oklahoma. As mentioned above, the majority of the witnesses are in closer proximity to Oklahoma City, Oklahoma than they are to Wichita, Kansas. The majority of the relevant documents and records are located in Oklahoma City, Oklahoma. Because of these circumstances, this court believes the cost-efficiency factor strongly favors transfer.[1]

---

[1] In addition, when reviewing a Motion to Transfer, courts often consider the docket congestion and speed of resolution in the courts that are at issue. *See Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Statistical analysis suggests this factor weighs in favor of transfer: (1) federal judges in the Western District of Oklahoma have lighter caseloads than those in the District of Kansas; (2) cases move from filing to trial faster; and (3) the percentage of case filings have declined in the Western District of Oklahoma over the last year, whereas they have risen in the District of Kansas. This factor is not decisive, since the other relevant factors independently support transfer.

Further, a venue change under § 1404(a) obligates the transferee court to apply the state law that would have applied in the transferor court. *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1535 (10th Cir. 1996) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964)). Federal judges routinely apply the law of a State other than the State in which they sit. *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S. Ct. 568, 584 (U.S. 2013).

Plaintiffs make three state law claims: (1) They were denied earned wages at the agreed upon rate for all work performed in violation of the Kansas Wage Payment Act; (2) Defendants breached employment agreements with each Plaintiff; and (3) Defendants engaged in fraud by not paying overtime to Plaintiffs. While the breach of employment agreements and fraud claims are governed by Kansas law, they are not claims that involve law that is unique to Kansas. As its name implies, the Kansas Wage Payment Act is unique to the state of Kansas. However, this court believes that a federal judge in the Western District of Oklahoma will be fully capable of determining the rights of each party under the Kansas Wage Payment Act. Thus, there does not appear to be an advantage to having a local court determine the law.

The court finds the defendants have met the burden of showing that the factors weigh strongly in favor of a transfer to the Western District of Oklahoma. Indeed, the present action reflects a classic example of case which ought to be transferred. While jurisdiction in Kansas is technically correct, the core of the dispute lies in Oklahoma. The evidence which will prove or disprove plaintiffs' claims lies in Oklahoma. Although two plaintiffs reside in Kansas, the majority of the plaintiffs are scattered

throughout the South Central United States. Indeed, for most of the plaintiffs, Oklahoma is a closer and more convenient forum than Kansas.

IT IS THEREFORE ORDERED this 24th day of February, 2014, that the defendants' motion to transfer (Dkt. 40) is granted.

 s/ J. Thomas Marten

J. THOMAS MARTEN, JUDGE