# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES HART, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-14-178-R |
| | ) |
| SANDRIDGE ENERGY, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on the Motion for Conditional Collective Action Certification and for Judicial Notice to the Class (Doc. No. 36). Plaintiff has also filed a Motion to Toll the Statute of Limitations (Doc. No. 37),. Defendant responded in opposition to the motions. Following briefing and transfer of this from the District Court of Kansas, the Court granted Defendants' motion to dismiss and Plaintiffs filed an amended complaint. The Court thereafter inquired of the parties whether they desired to file new briefs in support of the instant motion in light of the amended pleadings, and both Plaintiffs and Defendants declined to file either substitute or supplemental briefs. Accordingly, the motion is at issue, and the Court finds as follows.

Plaintiffs filed a Second Amended Complaint on April 16, 2014, alleging that the policies and practices of his employer, Lariat Services, Inc., a wholly owned subsidiary of Defendant Sandridge Energy, Inc., violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. The named Plaintiffs are or were employees of Lariat during the three

years preceding the original filing of the collective action allegations in the District Court of Kansas on July 15, 2013, holding or having held one or more of the following positions: (1) floorhand; (2) derrickhand, (3) motorhand; or (4) driller. Plaintiffs allege three distinct violations of the FLSA: (1) non-discretionary incentive bonuses were not used in the calculation of employees' overtime wage rate; (2) employees were required to attend mandatory off-the-clock safety meetings; (3) employees were not compensated for time spent donning and doffing personal protective equipment which they were required to utilize by the Occupational Safety and Health Administration ("OSHA"). In conjunction with their motion for conditional class certification Plaintiffs request that the Court order Defendants to provide names, last known physical and email addresses for the putative class members within ten days of any order granting certification and request permission to publish notice on counsel's website and to permit opt-in via electronic signature on counsel's website. Plaintiffs did not provide a proposed form of notice to the Court or Defendants for review.

An action under the FLSA may be pursued against any employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). To participate in an FLSA collective action, a plaintiff must "give[ ] consent in writing to become such a party," which is filed in the court where the action is proceeding. Notice to putative plaintiffs may be given once the court has conditionally certified the action as a collective action, which requires the Court to find that the putative plaintiffs are similarly situated. The FLSA, however, does not define similarly situated, and the Tenth Circuit has approved the use of an *ad hoc* basis for determining if

2

employees are similarly situated. At the first step of the inquiry the Court determines if certification is appropriate for purposes of providing notice to potential members of the collective action. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). This step invokes a lenient standard, requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id.* (quotations and citations omitted). If the Court certifies a class, discovery continues and thereafter Defendants may file a motion to decertify, prompting the Court to make a second stage determination using a more stringent similarly situated standard. *Id.*

> Plaintiffs and the employees they seek to represent ("Putative Class Members") are current and former non-exempt employees of SandRidge Energy, Inc., SandRidge Operating Company, and Lariat Services, Inc. (collectively, "Defendants") who worked/work as oilfield workers under the positions of "Floor Hand," "Derrick Hand," "Motor Hand," or "Driller" during the three (3) year prior immediately preceding the filing of the original complaint in this action.

Second Amended Complaint, ¶4. Defendant, based on the allegations in the amended complaint argued that conditional certification was inappropriate, for a number of reasons no longer relevant after the filing of the Second Amended Complaint. Further, it appears to the Court that Plaintiffs have conceded that their class should be limited to the four positions occupied by the named Plaintiffs.

This case is at the first stage, and therefore the Court applies a lenient notice-stage analysis, reviewing the allegations in the Amended Complaint and Plaintiffs' declarations, requiring "nothing more than substantial allegations that the putative class members were

together the victims of a single decision, policy or plan." The Plaintiffs sufficiently allege they are similarly situated to putative class members, and further that these employees in Defendants' oil fields were all subject to three policies that violate the Fair Labor Standards Act, because Defendant did not factor certain non-discretionary incentive bonuses, in calculating their hourly wages for purposes of calculating overtime compensation, did not compensate employees for mandatory pre-shift safety meetings or for donning and doffing their personal protective equipment pre and post shift. "Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan." *Renfro v. Sparton Computer Servs., Inc.*, 243 F.R.D. 431, 433-34 (D.Kan. 2007).

Having reviewed the allegations contained in and the declarations attached to the Second Amended Complaint, the Court finds that Plaintiffs have made sufficient allegations to satisfy the notice stage standard for class certification with regard to a class of persons employed in the positions set forth above.[1] However, the issue remains whether the three year statute of limitations period should extend from the date of the filing of the amended petition, which first raised collective action claims, or whether the statute of limitations should be tolled pending the outcome of the prior motions and until such time as notice has been issued.

---

[1] For the time being the Court assumes that Plaintiffs have sufficiently alleged a willful violation so as to utilize the three year statute of limitations period rather than the two year period that otherwise applies. *See* 29 U.S.C. § 255(a).

> The Tenth Circuit has not addressed equitable tolling in an FLSA case. But, it has generally observed that: "Equitable tolling may be appropriate where 'the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights....'" Neither of these circumstances is applicable here. Plaintiff has not alleged any facts showing that Defendant actively mislead her or any of the other putative plaintiffs regarding their claims in this case. Furthermore, as another judge in this District found in *Greenstein v. Meredith Corporation*,[2013 WL 4028732 (D.Kan. Aug. 7, 2013), the mere delay in deciding a motion for conditional certification is not an "extraordinary circumstance" warranting the Court to toll the statute of limitations.

*Tommey v. Computer Sciences Corp.*, 2014 WL 61834, *2 (D.Kan. 2014))(footnotes omitted).

The Court finds no basis in the Plaintiffs' motion from which the Court can infer that any putative member of the class was misled about their claims. Plaintiffs' allegations are such that they should have been aware with each pay period that they were not being compensated for daily meetings and time spent putting on and taking off safety equipment, in both cases activities that allegedly resulted in each plaintiff working in excess of forty hours per week. Additionally, Plaintiffs concede that the paystubs reveal that their rate of pay was consistent despite the presence of non-discretionary performance bonuses. Additionally, as noted by the Court in *Kinne v. Rocky Mountain EMS, Inc.*, 2013 WL 4871751, * 2 (Sept. 1, 2013), "[if a particular putative opt-in plaintiff demonstrates circumstances that justify equitable tolling, then equitable tolling may be appropriate in that particular case. There is no basis, however, to assume, *a fortiori*, without any evidence, that all opt-in plaintiffs or potential opt-in plaintiffs in this case somehow have been prevented from filing a timely FLSA claim based on their employment with [Defendant]. Accordingly,

5

the Motion to Toll the Statute of Limitations Period is hereby DENIED, and the notice to be issued in this case should be sent to those persons who were employed by Defendants in the relevant jobs for the three years preceding July 15, 2013.[2]

Finally, Plaintiffs have not provided the Court with a proposed Notice of Claim and Consent to Join. The Court therefore orders the parties to meet and confer on a proposed notice, and Plaintiff may thereafter file a proposed notice, within fifteen days of entry of this order, and Defendants have five days thereafter in which to object. Plaintiffs may file a reply in support of their proposed notice within three days of Defendants' response.

For the reasons set forth herein the Court hereby GRANTS Plaintiffs' motion for conditional certification (Doc. No. 36) as set forth above and DENIES Plaintiffs' Motion for Equitable Tolling (Doc. No. 37).

IT IS SO ORDERED this 1st day of July, 2014.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] The original complaint in this action included only a single Plaintiff and did not include any class or collective allegations. Additionally, the Court finds no inordinate delay in rendering a decision on this motion. The case was originally filed in Kansas and the pleadings were insufficient to avoid dismissal. Once the case was fully pled the parties informed the Court of their intention to proceed on the previously filed briefs, and the Court has entered an order one month later. Accordingly, delay is not a basis for tolling.